IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 18–15–M–DLC |
| Plaintiff, | |
| vs. | ORDER |
| KENT DEAN WEBB, | |
| Defendant. | |

On May 12, 2023, Defendant Kent Dean Webb filed a motion to reduce his 121-month federal sentence under 18 U.S.C. § 3582(c)(1)(A).  (Doc. 47.)  His projected release date is January 13, 2026.  *See* Inmate Locator, http://www.bop.gov/inmateloc (accessed November 30, 2023).   The government opposes the motion.  (Doc. 50.)

## ANALYSIS

The First Step Act gives district courts wide discretion to reduce an existing term of imprisonment so long as a defendant first seeks relief from the Bureau of Prisons and the reduction: (1) takes into consideration the sentencing factors set forth in 18 U.S.C. § 3553(a); (2) is warranted by "extraordinary and compelling reasons," or the defendant is at least 70 years old and has served at least 30 years in prison; and (3) is consistent with the applicable policy statements of the United

1

States Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A); *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) (per curiam). The Sentencing Commission's relevant policy statement adds that the Court may not reduce a term of imprisonment unless "the defendant is not a danger to the safety of any other person or to the community." U.S. Sent'g Guidelines Manual § 1B1.13(a)(2) (U.S. Sent'g Comm'n 2023).[1]

Mr. Webb argues that a reduction in his sentence is warranted based on his health concerns, COVID-19, and the 18 U.S.C. § 3553(a) sentencing factors. (Doc. 48 at 11–12.) Mr. Webb also argues that his conviction for false statement in attempted acquisition of a firearm is unconstitutional. (*Id.* at 12.) For the reasons discussed below, the Court denies the motion.

I. **Exhaustion of Administrative Remedies**

A defendant may only file a motion for compassionate release with the district court once he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). On August

---

[1] The United States Sentencing Commission recently revised § 1B1.13 of the Sentencing Guidelines Manual, in part, moving the Commission's policy statements that were previously in commentary notes into the actual Guidelines text. *See* 2023 Amendments to the Sentencing Guidelines, Policy Statements, and Official Commentary, First Step Act—Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (effective Nov. 1, 2023) (available at https://www.ussc. gov/guidelines/amendments/adopted-amendments-effective-november-1-2023).

2

15, 2022, the warden of FDC SeaTac received Mr. Webb's request for sentence reduction. (Doc. 48-1 at 1.) The warden denied Mr. Webb's request on September 21, 2022, noting that while Mr. Webb has "concerns and fears about the spread and effects of [COVID-19]," his "concern about being potentially exposed to, or possibly contracting COVID-19 does not currently warrant an early release from [his] sentence." (*Id.* at 2.) Thus, Mr. Webb has exhausted his administrative remedies.

II. **Extraordinary and Compelling Reasons**

The Sentencing Commission provides explicit examples of what constitutes an "extraordinary and compelling reason," including where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover," or where "[t]he defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." U.S. Sent'g Guidelines Manual § 1B1.13(b)(1)(B), (b)(1)(C) (U.S. Sent'g Comm'n 2023). Additionally, an extraordinary and compelling reason exists where the defendant presents the following circumstances—

> (i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of

3

    infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;
 (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and
 (iii) such risk cannot be adequately mitigated in a timely manner.

*Id.* § 1B.13(b)(1)(D).

The defendant may also "present any other circumstance or combination of circumstances that, when considered by themselves or together with any of the" examples provided by the Sentencing Commission, "are similar in gravity to" the examples provided. *Id.* § 1B1.13(b)(5). However, "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason." *Id.* § 1B1.13(d).

First, Mr. Webb argues that the Court should reduce his sentence because his § 922(a)(6) conviction for false statement in acquisition of a firearm is now unconstitutional. (Doc. 48 at 12.) Specifically, Mr. Webb contends that "[b]ecause the statutes which prohibited Mr. Webb from possessing a firearm in the first place are unconstitutional in light of *Bruen*," his subsequent conviction for making a false statement during the acquisition of a firearm is invalid. (*Id.* at 14.) The Court has previously rejected the argument on which Mr. Webb relies. *See United States v. Butts*, 637 F. Supp 3d 1134, 1138 (D. Mont. 2022) (holding that "because *Bruen* does not disturb the felon disposition of *Heller*, it does not render [the Federal statute criminalizing possession of firearms by a convicted felon]

4

unconstitutional.") Because Mr. Webb had previous felony convictions, he was prohibited from possessing a firearm. Therefore, his conviction for false statement in acquisition of a firearm was constitutional.

Next, Mr. Webb argues his human immunodeficiency virus ("HIV"), Hepatitis C ("Hep C"), hypertension, mental health conditions, as well as the possibility of contracting illnesses meet the extraordinary and compelling circumstances test. (Doc. 48 at 11–12.) The Court notes that Mr. Webb also experiences shoulder pain, knee pain, and problems with a partial denture. The United States responds that Mr. Webb's medical records demonstrate that the BOP has been able to treat his HIV and Hep C, and that Mr. Webb has refused vaccinations which would reduce his risk of contracting illnesses. (Doc. 50 at 10.)

The Court finds that Mr. Webb has not presented extraordinary and compelling circumstances. Mr. Webb's conditions have been appropriately managed during the pendency of his incarceration at SeaTac; the medical staff have been responsive to his needs and prescribed appropriate medications. While Mr. Webb is certainly immunocompromised, he has turned down opportunities to receive COVID-19 and flu vaccinations, undermining his argument that his risk of contracting the virus amounts to extraordinary and compelling circumstances.

### III.    Section 3553(a) Factors

The Court will also address the federal sentencing objectives set forth in 18

U.S.C. § 3553(a), which include the "nature and circumstances of the offense and the history and characteristics of the defendant," the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," to deter criminal conduct and protect the public, and to provide effective correctional treatment, including education or vocational training and medical care. *See* 18 U.S.C. § 3553(a)(1), (2). Courts may also consider the advisory guideline range and the need to "avoid unwarranted sentencing disparities" among similarly situated defendants. *See id.* § 3553(a)(4), (6).

On October 10, 2018, Mr. Webb was sentenced in this matter to a custodial sentence of 121 months to be followed by 5 years of supervised release after pleading guilty to one count of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), and 120 months to be followed by 3 years of supervised release after pleading guilty to one count of false statement in attempted acquisition of a firearm, in violation of 18 U.S.C. § 922)(a)(6). (Doc. 36.) The Court ordered that the sentences run concurrently. (*Id.*)

The offense conduct in this case involved Mr. Webb's possession of over a pound of 99% pure methamphetamine and his unlawful possession or acquisition of four firearms. (Doc. 38 at 8.) On January 5, 2017, Mr. Webb was involved in a

one vehicle car accident. (*Id.* at 5.) An investigation of Mr. Webb and the crash scene revealed drug paraphernalia, methamphetamine, and two firearms. (*Id.* at 7.) The passenger of the vehicle indicated that Mr. Webb regularly traveled from Polson/Lakeside, Montana, to Coeur d'Alene, Idaho, to exchange money and guns for drugs. (*Id.* at 7.) Authorities later discovered that Mr. Webb had pawned at least three firearms at Wooden Nickel Pawn in Kalispell, Montana. (*Id.* at 7–8.) A firearms transfer record indicated that Mr. Webb had falsely represented that he was not a convicted felon, thereby giving the impression that he was legally able to possess firearms. (*Id.*)

Mr. Webb's total criminal history score was two at the time of sentencing, placing him in criminal history category II. (*Id.* at 17.) His total offense level was 31, which included a two-level upward adjustment because he was in possession of two firearms at the time of his arrest, and a three-level downward adjustment for acceptance of responsibility. (*Id.* at 9.) Accordingly, Mr. Webb's guideline range was 121 to 151 months. (*Id.* at 24.) The Court sentenced Mr. Webb at the low end of the guideline range due to the statutory mandatory minimum sentence and Mr. Webb's age and health issues. (Doc. 37 at 4.) The Court also considered the nature and circumstances of the offense and the need to promote respect for the law and provide just punishment. (*Id.*) Thus, the Court has already taken § 3553(a)'s factors into consideration when determining what sentence would be

sufficient but not greater than necessary for Mr. Webb.

Mr. Webb has an extensive criminal history and a documented difficulty complying with the terms of supervision. He has served just over half of his sentence, and the Court believes that he continues to present a danger to the community. Mr. Webb has approximately three years remaining on his custodial sentence. Completion of the sentence imposed will best serve the aims of sentencing under § 3553(a), especially the need to promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public.

## CONCLUSION

Mr. Webb has not demonstrated an extraordinary and compelling reason to warrant a reduction of his custodial sentence and the § 3553(a) factors support denial of Mr. Webb's request.

Accordingly, IT IS ORDERED that the defendant's motion for compassionate release (Doc. 47) is DENIED.

DATED this 30th day of November, 2023.

_____
Dana L. Christensen, District Judge
United States District Court